UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| ALAN UT CHAU, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Case No. |
| v. ) | 5:13-cv-233-JMH |
| ) | |
| KENTON L. BALL, *et al.*, ) | |
| ) | |
| Defendants. ) | **MEMORANDUM OPINION & ORDER** |
| ) | |

\*\*\*

This matter is before the Court on several motions. As an initial matter, Plaintiff's Motion to Amend/Correct Defendant's Address on Plaintiff's Complaint [DE 5] will be **GRANTED.** The Court has considered, as well, Plaintiffs' Motion to Enlarge Time to file a Response to Defendants' Motion to Dismiss [DE 8] and concludes that it is not merited. Plaintiffs' have not, in the time elapsed since filing that motion, proffered a response nor is the Court persuaded, considering the weaknesses noted in the Complaint that one would be of particular use in evaluating this matter. Accordingly, Plaintiffs' Motion to Enlarge Time will be **DENIED** [DE 8]. Finally, the Court has considered, Defendants' Motion to Dismiss [DE 7], and has, on its own motion, evaluated the Complaint. Having done so, the Court concludes that Defendants' Motion to Dismiss shall be **GRANTED IN**

**PART** with respect to Counts I, II, IV, V, VI, and VII and **DENIED IN PART** with respect to Count III.  On the Court's own motion, however, Plaintiffs must **SHOW CAUSE** why Count III should not be dismissed for the reasons set forth below.  As the relevant aspects of Plaintiffs' Complaint have been set forth c

**I.**

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Igbal*, 556 U.S. 662, 677–78 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action

sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

**II.**

Many of Plaintiffs' claim may well be barred by the doctrine of res judicata for Defendant Perry Dunn and time-barred with respect to all defendants, as Defendants argue in their Motion to Dismiss, but the Court need not reach those issues as the Complaint may be dealt with quite simply because Plaintiffs fail to state any claim on any grounds.

In Count I, Plaintiffs aver a violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962(c), 1962(d), and 1964(c). They aver that the defendants, all individuals and, the Court presumes, employees of First Federal Bank, devised and participated in a scheme to defraud borrowers of funds or to secure them for their own uses at substantially reduced prices. As the Chaus aver, the defendants caused First Federal Bank to extend loans which, "because of the meager resources of the borrowers and/or the exorbitant terms of the loans," could not be repaid. The Chaus theorize that the borrower's financial resources were first substantially depleted through fraudulent loan terms and, secondly, "this bleeding of financial resources is intended to and often does permit First Federal Bank or another conspirator to obtain the property at

discounted cost through foreclosure." [DE 1 at 11.] In Count II, Plaintiffs aver these Defendants fraudulently induced them to enter into the loan agreements in violation of state law.

Without making any determination with respect to the other elements of the claims in Counts I or II, both of which are premised on fraud, the Court concludes that Plaintiffs have failed to identify any intentional misrepresentations or reliance on such misrepresentations by Plaintiffs to their detriment which could form the basis of the claims. Fraud must be pleaded with particularity, *see* Fed. R. Civ. P. 9(b), and the failure to do so is fatal to one's claim. *See Yuhasz v. Brush Wellman, Inc*., 341 F.3d 559, 563 (6th Cir. 2003) (quoting *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-162 (6th Cir. 1993)). Accordingly, these claims will be dismissed.

In Count III, Plaintiffs aver that defects in the bargaining process precluded any meaningful choice by Plaintiffs and render the enforcement of the contracts unconscionable. Specifically, they aver that the lender permitted no counsel except its own to be present for the negotiations for and closing of certain loans; failed to provide an interpreter or documents in Plaintiffs' native tongue, Vietnamese; engaged in high pressure sales pitches and did not, considering Plaintiffs' language barrier, permit sufficient time to read and understand

the loan documents; and offered "onerous, oppressive, and one-sided" terms which bore no reasonable relation to the business risks involved or to the fair market value of services to be performed.  There is little to be said.  The lender is not a party to this matter, and Plaintiffs do not seek to pierce the corporate veil, for example, in order to reach the individual defendants..  As taught in *Forsythe v. Bancboston Mortgage Corporation*, 135 F.3d 1069, 1074 (6th Cir. 1997) (internal quotation marks and citations omitted) (interpreting Kentucky law), "the notion of unconscionability is an elusive one. An unconscionable contract is a contract which no man in his senses, not under delusion, would make, on the one hand, and which no fair and honest man would accept, on the other. The doctrine of unconscionability is only used in rare instances, such as when a party abuses its right to contract freely."  No matter the situation, there is no case law which suggests that a party claiming unconscionability may use the doctrine to draw in and make responsible others who were never a party to the contract or to remedy what may be, at its heart, a bad deal for one of the parties.  Accordingly, this claim will be dismissed as well unless Plainiffs can show cause why it should not be.

In Count IV, Plaintiffs aver a violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691, and KRS § 30A.410,

contending that Defendants discriminated against Plaintiff with respect to the availability and terms and conditions of credit on the basis of national origin for "failing to provide adequate, licensed, and qualified translators and documents in [Plaintiffs'] native language." In what must be the only relevant part, § 30A.410 directs Kentucky state courts to appoint qualified interpreters in certain situations with respect to proceedings before them. Section 30A.410 does not make any requirement of lenders or their employees. Accordingly, Plaintiffs' claim fails and shall be dismissed with prejudice.

In Count V, Plaintiffs aver a violation of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601(1). Count VI avers a violation of the Truth-in-Lending Act (TILA), 15 U.S.C. § 1639(b)(1). RESPA and TILA apply only to residential consumer credit transactions, not the extension of credit made "primarily for business purposes" or "[c]redit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes." 12 U.S.C. § 2606(a)(1); 15 U.S.C. §§ 1602(b) and 1603(1); 12 C.F.R. § 226.2(a); *see Sherlock v. Herdelin*, Civ. Action No. 04-cv-3438, 2008 WL 732146, *3 (E.D. Pa. Mar. 17, 2008). As Plaintiffs aver violations of the requirements of these statutes in relationship

to loans secured by mortgages on real properties which the Court may reasonably infer from averments in the Complaint to be investment properties of some nature – and not residential in nature – these statutes are not applicable. Plaintiffs fail to state a claim under RESPA and TILA, and these claims shall be dismissed.

Finally, Plaintiffs' Count VII avers a civil conspiracy to injure Plaintiffs.  To the extent that Plaintiff has failed to articulate claim for any of the torts averred in Counts I through VI, this claim fails for lack of an action which can serve as the object of the conspiracy.  Since none of those claims are viable for the reasons stated above, the civil conspiracy claim must fail as well.

## III.

For all of the reasons stated above, the Court concludes that Plaintiffs' claims should be dismissed and that relief should be provided as follows.

Accordingly, **IT IS ORDERED**:

(1) That Plaintiff's Motion to Amend/Correct Defendant's Address on Plaintiff's Complaint [DE 5] is **GRANTED;**

(2) That Plaintiffs' Motion to Enlarge Time to file a Response to Defendants' Motion to Dismiss [DE 8] is **DENIED**

(3) That Defendants' Motion to Dismiss [DE 7] is **GRANTED IN PART** with respect to Counts I, II, IV, V, VI, and VII and **DENIED IN PART** with respect to Count III; and

(4) That, on the Court's own motion, Plaintiffs shall **SHOW CAUSE** no later than **April 18, 2014,** why Count III should not be dismissed for the reasons set forth above.

This the 28th day of March, 2014.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge