UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| ALAN UT CHAU, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Case No. |
| v. ) | 5:13-cv-233-JMH |
| ) | |
| KENTON L. BALL, *et al.*, ) | |
| ) | |
| Defendants. ) | **MEMORANDUM OPINION & ORDER** |
| ) | |

\*\*\*

Plaintiffs have filed a Response [DE 11] to the Court's March 28, 2014 Memorandum Opinion and Order [DE 10] requiring them to show cause why their claim in Count III should not be dismissed. In their Response they argue that they have correctly identified the named individuals, all directors of the lending institution except for Perry Dunn, as parties to the claim in Count III of their Complaint that it would be unconscionable to enforce their mortgage agreement with their lender. As set forth below, the Court disagrees.

Plaintiffs argue that the defendants, all of whom were directors except Perry Dunn, were properly named as defendants with respect to Count III of the Complaint as they were the sole parties from whom Plaintiffs could seek relief after the lending bank was dissolved and the Federal Deposit Insurance Corporation

1

was named as receiver. In support of this argument, Plaintiffs rely on Section 5000.1 of the "FDIC Supervision Manual" or Commercial Bank Examination Manual, which indicates that "[d]irectors who fail to discharge their duties completely or who are negligent in protecting the interests of depositors or shareholders may be subject to removal from office, criminal prosecution, civil money penalties imposed by bank regulators, and civil liability." The Commercial Bank Examination Manual points to 12 U.S.C. § 1818(b) for the source of the Federal Reserve Board's authority to use its enforcement powers under to take such corrective actions against financial institutions and individuals associated with financial institutions, including "any officer, director, employee, controlling shareholder, or agent of a financial institution." *See* Commercial Bank Examination Manual*,* § 5040.1. Plaintiffs have not, however, identified what state or federal authority permits the Chaus – who do not purport to be agents of the Federal Reserve Board – to seek relief against the individuals named in the complaint, even if they were directors of a lending institution and even if they could be subject to corrective action by the Federal Reserve Board. Nor have the Chaus identified other agreements made by and with these individual defendants upon which a claim arising from a contract, i.e., their claim of unconscionability, could be founded.

Having considered the Chaus arguments, the Court concludes that they have failed to show cause why their claims should not be dismissed for the reasons stated in the Court's March 28, 2014, Memorandum Opinion and Order.[1]

Accordingly, **IT IS ORDERED** that, upon the Court's own motion, Count III shall be **DISMISSED**.

This the 24th day of April, 2014.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

---

[1] The Court need not reach the Chau's additional argument with respect to Count III, that it misunderstands the legal definition of unconscionability, and declines to discuss it further at this instance.